1182

ON PETITION FOR REHEARING.

Opinion filed January 28, 1930.

*Hull, Landis & Whitehair,* for Appellants;

*J. A. Scarlett,* State Attorney; *Stewart & Stewart,* and *Clarke Harper,* for Appellees.

BROWN, J.—While not discussed in the opinion, that ground of demurrer which raised the point that Section 4 of Chapter 13488 contains a provision that the bonds issued under its authority shall be binding obligations upon "the County of Volusia and State of Florida," was not overlooked. It was considered to be without merit for the following reasons: The words "and State of Florida," whether used inadvertently or intentionally, are entirely beyond and foreign to the subject of the act as shown by its title. In fact, both title and body of the act show that the act deals entirely with county bonds. The words, "and State of Florida" may be regarded as eliminated therefrom, and still leave a complete and workable statute. The Constitution, as is well known, prohibits bonding the State except for certain grave purposes, such as repelling invasion, etc.; but aside from that, this act provides solely for *county* bonds to be issued and executed by *county officials.* This apparently inadvertent error is repeated in the resolu-

tion of the county commissioners. It is not, however, contained in the form of bond prescribed thereby, and this error in the body of the resolution might well be deemed as innocuous surplusage.

It is also contended on petition for rehearing that the Court overlooked that ground of demurrer which set up that the petition for validation did not allege that there was any general or special bonded indebtedness or time warrant indebtedness of Volusia county then outstanding, to be refunded, paid off, or liquidated. Neither was this point overlooked. The legislative act, as well as the resolution set forth in the petition, assumes and implies that there was an existing indebtedness to be refunded. Such legislative determination may not be conclusive, but it rendered the petition immune to the demurrer. If there was no indebtedness of the kind described in the act to be refunded, at the time the resolution was adopted by the county board, this would be defensive matter which could be set up by way of answer. On this appeal we are merely dealing with the ruling of the court below on the demurrer to the petition.

Rehearing denied.

TERRELL, C. J., AND ELLIS, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.